**BANKERS INDEMNITY INSURANCE COMPANY (a Corporation), Appellant, v. Dagmar LUNDGREN, Appellee.** *

No. 8256.

Circuit Court of Appeals, Ninth Circuit.

March 22, 1937.

*Rehearing denied May 10, 1937.

Charles B. Morris, Leo J. McEnerney, and Jered A. Maguire, all of San Francisco, Cal. (J. Bruce Fratis, of San Francisco, Cal., of counsel), for appellant.

Jesse E. Nichols and Harry M. Gross, both of Oakland, Cal., G. Levin Aynesworth, of Fresno, Cal., and Paul B. Richard, of Oakland, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

The record in this case shows that while appellee was riding as a guest in an automobile being driven upon and along an intersecting highway, in the city of Fresno, Cal., a motortruck, owned by Louis J. Vercesi, driven and operated by one Philip Riley, his agent, was so carelessly and negligently operated and thereby made to collide with and run into the automobile in which the appellee was riding and appellee was thereby injured, bruised, and damaged; that thereafter appellee, after trial duly had, recovered a judgment in the superior court of California for Alameda county, for the amount of damages entailed by said injuries caused by said collision of $6,906.50; that said judgment has become final and is wholly unpaid; that said Vercesi, owner of said truck, and Riley, the driver and agent of the owner, are insolvent; that a writ of execution upon said judgment was duly issued and delivered to the sheriff of Alameda county and was by him returned unsatisfied.

That prior to said injury the appellant and Vercesi had entered into an agreement whereby appellant agreed to indemnify Vercesi against liability not exceeding $10,000, with taxable costs and interest, which should arise against Vercesi in favor of any person who should sustain any bodily injuries by accident by reason of ownership, maintenance, or use of said truck by Vercesi; that said indemnity agreement increased indemnity liability to $20,000, costs and interest, where more than one person was injured in the same accident; that said agreement was effective at the time of the injury aforesaid; that prior to the commencement of this action demand was made upon appellant for payment of the amount of said judgment and no part has been paid.

This suit was commenced in the state court and removed to the United States

District Court on jurisdictional grounds. Upon issue joined and trial, a verdict for the appellee was duly entered for the full amount claimed. Reversal of that judgment is sought by this appeal.

This appeal was presented to this court as a companion case with Bankers Indemnity Insurance Company v. Grace F. Pinkerton, 89 F.(2d) 194, for injuries in the same accident; the briefs and arguments in that case to be considered in this case, together with the testimony with relation to the indemnity agreement. For the reasons set forth in the opinion of this court upon the facts and the law and on authority thereof in that case, the judgment as first entered is affirmed. The amended judgment is reversed with cost of certifying and printing the portion of the transcript of the record on appeal on the amended judgment $21.34 taxed against the appellee, all other costs taxed against the appellant.